UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

WILLIAM McCAVEY,
_____/

LAW OFFICE OF PHILLIP STREHLE,        Case No. 17-10019
P.C.,

    Appellant,                                   Honorable John Corbett O'Meara

v.

DEBRA BARNETT,

    Appellee.
_____/

# OPINION AND ORDER
# AFFIRMING THE ORDER OF THE BANKRUPTCY COURT
# AND DENYING AS MOOT APPELLANT'S MOTION TO STAY

This matter came before the court on appellant Law Office of Phillip Strehle, P.C.'s January 4, 2017 appeal of the bankruptcy court's December 21, 2016 order denying Appellant's motion to enforce a charging lien. Appellee Debra Barnett filed her brief March 20, 2017; and appellant law office ("Strehle") filed its brief March 23, 2017. Strehle also filed a motion to stay distribution pending appeal on March 23, 2017. Appellee Barnett filed a response April 4, 2017.

# BACKGROUND FACTS

Appellant Strehle is the former attorney for appellee Barnett, a creditor in the Chapter 7 bankruptcy of her former husband William McCavey. Appellant contends that it is entitled to a charging lien for legal services rendered to Barnett in its representation of her as a creditor in McCavey's bankruptcy.

Appellee Barnett and debtor McCavey were divorced in Fulton County, Georgia, May 12, 2012. The following year the Superior Court of Fulton County awarded Barnett $35,000.00 in attorney's fees against McCavey for post-decree litigation. McCavey refused to pay, and Barnett filed a motion for contempt against him in Fulton County. The court subsequently found McCavey to be in contempt and awarded Barnett judgment against McCavey in the amount of $48,812.00.

In July 2015 Barnett domesticated her Georgia judgment against McCavey in Michigan. After she filed a garnishment against his employer, McCavey filed this Chapter 7 bankruptcy. Barnett retained Strehle, the appellant law firm, to represent her as a creditor in the bankruptcy; however, the parties did not enter into a contract for those services. Barnett made periodic payments to the firm totaling $7,000.00. Appellant now contends that it is owed an additional $16,353.85 and has filed a charging lien, a motion to enforce the lien, and a motion to stay distribution to Barnett until after this appeal is decided. After conducting a hearing, the bankruptcy court

2

denied Strehle's motion to enforce a charging lien December 21, 2016. That order is the subject of this appeal.

## **LAW AND ANALYSIS**

In Michigan, an attorney's charging lien "creates a lien on a judgment, settlement, or other money *recovered as a result of the attorney's services*." Souden v. Souden, 303 Mich. App. 406, 411 (2013) (emphasis added). In this case the assets recovered in this bankruptcy were the result of the efforts of K. Jin Lim, trustee, and *her* counsel, Clayson, Schneider & Miller, P.C. Lim and her counsel actively pursued discovery and litigation against debtor McCavey and uncovered unscheduled assets of his and assets held in a variety of related entities and persons, bringing approximately $240,000.00 into the estate for the payment of administrative expenses and creditors' claims. In addition, appellant Strehle did not obtain or domesticate the Georgia judgment which supports Barnett's claim against the debtor.

In January 2016, appellant Strehle filed an adversarial proceeding against the debtor, seeking to have Barnett's claim declared non-dischargeable. However, the dischargeability of Barnett's claim became moot when the trustee brought sufficient funds into the estate to pay the administrative expenses and all claims. The adversarial action was dismissed June 2, 2016; and Strehle's adversarial complaint did not produce any assets to the debtor's estate and was of no benefit to Barnett. The

3

court finds the cases cited by Appellant to be unpersuasive.  Therefore, the court will affirm the December 21, 2016 order of the bankruptcy court.

## **ORDER**

It is hereby **ORDERED** that the December 21, 2016 order of the bankruptcy court is **AFFIRMED.**

It is further **ORDERED** appellant Strehle's motion to stay distribution pending appeal is **DENIED AS MOOT.**

s/John Corbett O'Meara  
United States District Judge

Date:  May 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 30, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
